SHAFFNER & VEITCH, Respondents, *vs.* JEFFRIES, Appellant.

1. The defendant subscribed for a share of stock in a telegraph line. Annexed to the subscription, was a stipulation, among others, by which a committee was named "to see that the stipulations are and will be complied with, before the subscriptions are paid." *Held*, the action of the committee was not a condition precedent to a recovery of the price of the stock.

*Appeal from Franklin Circuit Court.*

This was an action to recover the price of a share of stock subscribed in a telegraph line from St. Louis to St. Joseph *via* Union. The petition stated that certain stipulations and con-

ditions were annexed to the subscription, all of which, thirteen in number, were set out in an exhibit annexed to the petition. The 10th and 11th stipulations were as follows :

" 10. As soon as the legislature of Missouri shall assemble, it is agreed that an act of incorporation is to be obtained.

" 11. That these conditions may be faithfully complied with and executed by the builders of the line, Messrs. J. Halligan, Elisha B. Jeffress and Alexander Chambers are hereby appointed a committee to see that the stipulations are and will be faithfully complied with, before the subscriptions hereto appended are paid to the builders aforesaid."

Following the subscription of the defendant was the following condition : " If office is opened at Union." The petition averred that all the stipulations and conditions had been complied with.

The defendant, in his answer, set up that he subscribed with the understanding that he would not be called on to pay, unless at least $1000 should be subscribed by the citizens of Union, and that this amount had not been subscribed ; also that the 11th condition of the subscription had not been complied with.

This answer was stricken out, and judgment rendered for the plaintiffs.

*J. D. Stevenson*, for appellant.

RYLAND, Judge, delivered the opinion of the court.

1. The only question before this court involves the propriety of the action of the Circuit Court in striking out defendant's answer. This answer was properly stricken out ; it sets forth no legal defence to the demand of the price of the subscription. The only important condition to that subscription is the location of an office at Union. The petition avers that such office was opened at Union. The defendant misconceives the 11th stipulation set forth in the exhibit to the plaintiffs' petition. That stipulation is no condition precedent. It appoints and constitutes a committee, Messrs. J. Halligan, Elisha B. Jef-

fress and Alexander Chambers, to see that the stipulations are and will be complied with before the subscriptions are paid to the builders of the line.   Now the appointment of this committee fulfills the stipulation.   As well might the 10th stipulation be called a condition precedent.   The answer sets up no defence in law, and the petition averring the performance of all things to be done on the part of the plaintiffs, it is sufficient to support the judgment.   The best defence, in all such cases is, to pay the subscription.   When important public works are proposed, and our citizens, feeling the necessity for such, and hoping to derive advantages which are too often greatly overestimated, are induced to subscribe money for the prosecution of such works, the best policy, as well as the best defence in law is, to pay off such subscriptions with as little cost as possible.

. The judgment of the Circuit Court is affirmed, Judge Scott concurring ; Judge Gamble not sitting.